UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAMUEL L. WHITT | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 1:95cr33 |
| | ) (1:02cv285) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on a "Motion to Vacate Judgment Pursuant to Rule 60(b) Regarding the District Court's Judgment Denying 28 U.S.C. § 2255 Relief", filed by the petitioner, Samuel L. Whitt ("Whitt"), on February 14, 2011. The government responded to the motion on March 11, 2011, to which Whitt replied on April 13, 2011.

For the following reasons, the motion will be denied.

### Procedural History

On December 20, 1995, a federal grand jury returned an Indictment against Whitt. The single count Indictment charged that Whitt from on or about December 1990 up to and including September 1991 conspired to distribute a controlled substance, including more than 500 grams of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. On February 20, 1996, Attorney Donald C. Swanson entered his appearance on behalf of Whitt. On March 28, 1996, the government filed its notice of penalty enhancement pursuant to 21 U.S.C. § 851.

On June 18, 1996, a jury was selected and a trial began. On June 19, 1996, the jury found Whitt guilty as charged in the Indictment. On June 27, 1996, Attorney Swanson filed a motion to withdraw as counsel. On August 6, 1996, Attorney Alexander M. Salerno entered his appearance

on behalf of Whitt. On August 7, 1996, the Court entered an Order granting Attorney Swanson's motion to withdraw. In December 1996, a Presentence Investigative Report ("PSR") was prepared.

On July 9, 1997, the Court conducted a sentencing hearing. On September 11, 1997, Whitt filed a motion for a new trial, to which the government responded. On October 27, 1997, the Court conducted a further sentencing hearing. On November 20, 1997, the Court issued a Memorandum of Decision and Order denying Whitt's motion for new trial. After considering sentencing briefing by the parties, on July 27, 1998, the Court issued a 31-page Sentencing Memorandum. In determining that Whitt faced a guideline range of life in prison, the Court found, among other things, that: (1) Whitt was responsible for more than 150 kilograms of cocaine resulting in a base offense level of 38; (2) to that, 4 points were added because Whitt was a leader or organizer under § 3B1.1; and (3) to that, 2 levels were added because Whitt possessed a firearm under § 2D1.1(b)(1). On March 22, 1999, the Court denied Whitt's "Motion for Downward Departure/Request for Medical Evaluation" filed on January 5, 1999.

On April 16, 1999, with a total adjusted base offense level of 43[1] and a criminal history category IV, this Court sentenced Whitt to life imprisonment, 5 years supervised release and a $50.00 special assessment.[2]

---

[1] As the Court noted in its footnote, "While additions of those numbers would result in a level 44, the sentencing guidelines for the offense level tops out at 43." (R. 146 at 1).

[2] As noted by the record, during the pretrial, trial and sentencing phases, counsel for Whitt filed various motions and briefs.

On April 23, 1999, Whitt timely filed his Notice of Appeal.[3] On appeal, Whitt argued that:

(1) the district court erred in not giving the jury an instruction on a multiple conspiracy;

(2) the Indictment was constitutionally defective because it did not specifically allege the type and quantity of controlled substances; and

(3) the trial court erroneously calculated the quantity of drugs for which he was responsible.

*United States v. Whitt*, 211 F.3d 1022, 1023 (7th Cir. 2000). On May 1, 2000, in a published opinion, the Court of Appeals affirmed Whitt's conviction and sentence. *Whitt*, supra.

On July 31, 2000, Whitt filed a writ of certiorari. On November 6, 2000, the Supreme Court granted certiorari and vacated and remanded the case to the Seventh Circuit Court of Appeals for further consideration in light of *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000).[4] After considering briefs by the parties, on February 7, 2001, in an unpublished order, the Seventh Circuit Court of Appeals reaffirmed Whitt's conviction and sentence holding that:

(1) defendant forfeited but did not waive objection that drug-quantity issues should have been submitted to jury;

(2) failure to submit drug quantity issue to jury was not plain error; and

(3) requirement that trier of fact find drugs beyond a reasonable doubt applied only to the 500 grams necessary for the defendant to receive statutory maximum possible punishment.

On July 6, 2001, Whitt filed a writ of certiorari to the United States Supreme Court. On

---

[3] The following Seventh Circuit Court of Appeals docket numbers are associated with this case: 99–2017, 03-1974, 03-2367 and 05-3317.

[4] The following United States Supreme Court case numbers are associated with this case: 00-183, 01-47, 04-1418 and 05-7888.

3

October 1, 2001, the Supreme Court denied Whitt's subsequent petition for writ of certiorari.

On September 3, 2002, proceeding *pro se,* Whitt filed a petition with supporting memorandum and affidavit pursuant to 28 U.S.C. § 2255. On November 7 and December 30, 2002, the government filed its response in opposition. Whitt filed his reply on December 6, 2002 and January 21, 2003. On February 3, 2003, this Court issued a 24-page Memorandum of Decision and Order that denied Whitt's § 2255 petition which alleged the following five claims:

> Claim 1 - that there was a *per se* violation of his rights to counsel secured by the Sixth Amendment to the Constitution of the United States;
>
> Claims 2 and 3 - that counsel was ineffective on direct appeal;
>
> Claim 4 - that he was constructively denied the assistance of counsel due to a conflict of interest which was not waived by the defendant before this Court; and
>
> Claim 5 - that counsel was ineffective in failing to acquire an independent fingerprint examiner.

On March 24, 2003, Whitt filed a notice of appeal from the Court's Order denying his § 2255 petition.

On February 25, 2003, Whitt filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure regarding the denial of his § 2255 petition. On March 12, 2003, the government filed its response. On April 4, 2003, Whitt filed his reply. On April 11, 2003, this Court issued an Order denying Whitt's motion to alter or amend judgment under Rule 59(e) and in that same Order finding that a certificate of appealablity should not be granted. In its Order, this Court stated, in part, that:

> A Rule 59(e) motion may only be granted if there has been a mistake of law or fact or if there is newly discovered evidence not previously available. [citation omitted] Thus, a motion for reconsideration is not the proper forum for reiterating previously rejected arguments or for arguments that could have been

4

> raised before the judgment was entered. [citation omitted]
>
> Although petitioner sets forth several grounds in his thirteen page memorandum in support of his Rule 59(e) motion, he points to no errors of law or fact which would lead this Court to conclude that the judgment previously entered should have been to the contrary or should in any way be amended. For example, over the course of a couple of pages, he makes the argument that his Court placed too much reliance on testimonial evidence and not enough on the lack of fingerprint evidence. Such an argument does not raise a mistake as to law or fact but is only petitioner's opinion.
>
> Petitioner also asserts that this Court recognized that his counsel was impeded in raising constitutional issues yet the Court did not provide any relief. That is a gross misstatement because what this Court wrote was that "[t]he Court recognizes petitioner's argument to the effect that counsel was *impeded* from making the challenge." [citation omitted] To recognize an argument, however, is not to accept it and indeed, in the following sentence, the Court wrote: "What this court cannot do, though petitioner does, is equate a theoretical impediment with the requisite 'complete denial of counsel or its equivalent' threshold for a constructive denial of counsel claim." [citation omitted]
>
> Petitioner also claims that this Court erred in failing to address his ineffective assistance of counsel claim under the Supreme Court's *Cronic* standard as opposed to the *Strickland* standard. That is true, but it was not error for the Court to do so because as the Court wrote: "This Court finds no basis to make an analysis under *Cronic* since...there is no support for the proposition that counsel was absent, his actions failed to subject the prosecution's case to the adversarial process, or the functional equivalent of either." [citation omitted]
>
> The remainder of petitioner's arguments have been considered by the Court and are equally unavailing. None show a mistake as to law or fact and accordingly the Rule 59(e) motion to alter or amend must be denied.

(DE 175 at 3-4)

Whitt appealed this Court's April 11, 2003 Order denying his motion to alter or amend judgment and denying a certificate of appealability and on May 7, 2003, Whitt filed an amended notice of appeal. On May 7, 2003, Whitt filed a motion for leave to proceed *in forma pauperis* and a motion for certificate of appealability. In its May 12, 2003 Order, this Court denied

5

Whitt's request for a certificate of appealability but granted his motion for leave to appeal in forma pauperis. On September 3, 2003, in its Order denying Whitt's request for certificate of appealability, the Seventh Circuit Court of Appeals stated:

> Samuel Whitt has filed a notice of appeal from the denial of his petition under 28 U.S.C. § 2255, which we construe as an application for a certificate of appealability. The court has reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

On January 21, 2005, the Seventh Circuit Court of Appeals issued an Order denying Whitt's petition for rehearing filed on October 23, 2003. On January 31, 2005, the Court of Appeals issued a Mandate.

On April 20, 2005, Whitt filed a petition for writ of certiorari with the Supreme Court of the United States. On May 31, 2005, the Supreme Court issued an Order denying Whitt's petition for writ of certiorari.

On August 10, 2005, the Seventh Circuit Court of Appeals docketed Whitt's petition for extraordinary writ. On August 15, 2005, the Court of Appeals docketed Whitt's petition for writ of mandamus. On August 23, 2005, the Court of Appeals issued the following Order:

> The following are before the court:
>
> 1. PETITION FOR WRIT OF MANDAMUS TO UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, filed on August 10, 2005, by the pro se petitioner.
>
> 2. APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT, filed on August 11, 2005, by the pro se petitioner.
>
> IT IS ORDERED that the petition is DISMISSED as an unauthorized successive collateral attack.

IT IS FURTHER ORDERED that #2 is DENIED.

(DE 187)

On that same date, the Court of Appeals issued a separate Order dismissing as duplicative Whitt's petition for writ of mandamus filed on August 15, 2005.

On September 15, 2005, the Court of Appeals docketed Whitt's petition for rehearing. On September 23, 2005, the Court of Appeals issued an Order denying Whitt's petition for rehearing. On October 25, 2005, Whitt filed a notice of petition for writ of certiorari. On January 9, 2006, the Supreme Court issued an Ordering denying Whitt's petition for writ of certiorari.

On June 25, 2010, a letter was docketed from Whitt requesting copies of evidence. On July 8, 2010, a letter addressed to this Court was docketed from Whitt requesting copies of evidence. On February 14, 2011, Whitt filed his current motion for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

## Discussion

The government has opposed Whitt's motion on the grounds that it is a successive § 2255 petition which, pursuant to the amendments to § 2255, must be certified by a panel on the Court of Appeals before it can be accepted for filing in the district court. "Anyone who files a 'second or successive' application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction. . . or transferred to the court of appeals under 28 U.S.C. § 1631." *Benton v. Washington*, 106 F.3d 162, 165 (7th Cir. 1996).

Whitt, however, argues that his petition is not a successive § 2255 petition but, rather, is a Rule 60(b) motion. Whitt relies on *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), in support of his

7

argument. Whitt claims that, as in *Gonzalez*, his motion attacks not the substance of the court's resolution of the claim on the merits, but some defect in the integrity of the habeas proceedings. Whitt further claims that the "defect" in this court's prior order[5] consisted of "weighing of the evidence" when rejecting his conflict of interest claims[6]. That is, the court stated: "Even without Agent McGauley's testimony there was a plethora of evidence to convict the defendant..." While it is not totally clear, Whitt seems to be arguing that he need not have shown prejudice because, he claims, the existence of a conflict of interest itself demonstrates a denial of effective assistance of counsel and thus he bears a lighter burden with regard to demonstrating prejudice. Whitt further claims that the court should have reviewed his petition under the conflict of interest standard set forth in *Cuyler v. Sullivan*, 100 S.Ct. 1708 (1980), rather than under the *Strickland* test. Whitt believes that the court placed a higher burden of proof on him than required by law.

Whitt's reliance on *Cuyler* is misplaced. *Cuyler* involved a situation where multiple defendants were represented by the same attorney in the same case. The Supreme Court held that a defendant must show that an actual conflict "adversely affected" counsel's performance in order to establish a true conflict that would constitute a denial of effective assistance of counsel. In the present case, the court held a colloquy with Whitt and his counsel and Whitt indicated that he did not believe there was a conflict of interest with respect to Agent McGauley and that the

---

[5] The order denying Whitt's § 2255 petition was entered on February 3, 2003. On April 11, 2003, the court entered an order denying Whitt's motion to alter or amend judgment.

[6] In his original § 2255 petition, Whitt raised two conflict of interest arguments. The first related to his defense counsel's employment of an ex-FBI agent (who had been the primary investigator in Whitt's case) as a private investigator in a wholly unrelated case. The second related to Whitt's counsel having previously represented a co-defendant in a previous state court case.

8

case could proceed. At that time Whitt never made the court aware of any potential conflict of interest with respect to his counsel having previously represented co-defendant Ruby Lamb in a previous state court drug case, although he later attempted to raise the issue in his original § 2255 petition. Thus, as Whitt never showed any "actual conflict" there is no way he could have shown either "prejudice" as per *Strickland*, or that his trial was "adversely affected" as per *Cuyler*. In any event, due to Whitt's acknowledgment that the conflict of interest issue had been resolved and he agreed to proceed with his case without changing counsel, the court's notation that Whitt had failed to show prejudice due to the "plethora of evidence" against him was mere *dicta*. Therefore, as it is clear that Whitt has failed to show a "defect" in this court's previous ruling on his § 2255 petition, *Gonzalez* does not apply and Whitt's current Rule 60(b) motion must be construed as a successive § 2255 petition and dismissed for lack of jurisdiction.

## Conclusion

Based on the foregoing, Whitt's motion to vacate judgment [DE 192] is hereby DISMISSED.

Entered: April 21, 2011.

s/ William C. Lee
William C. Lee, Judge
United States District Court