UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

UNITED STATES OF AMERICA      )
                                   )
   v.                         )     CAUSE NO.  1:95cr33
                                   )
SAMUEL L. WHITT               )

OPINION AND ORDER

This matter is before the court on a "Motion to Correct a Clerical Error Pursuant to Federal Rule of Criminal Procedure, Rule 36", filed by the defendant, Samuel L. Whitt ("Whitt"), on February 25, 2106.   The government responded to the motion March 10, 2016, to which Whitt replied on March 24, 2016.

For the following reasons the motion will be denied.

Discussion

Whitt has filed a variety of motions over the course of his incarceration, all geared towards reducing his sentence.   In his latest motion, he requests credit for a sentence he served in the Indiana Department of Corrections for related conduct, such that his 360 month sentence would be reduced to 308 months.  Whitt states that the Bureau of Prisons has refused to apply the period from September 27, 1993 through February 6, 1998 towards Whitt's federal sentence.

Whitt claims that this court's original Order of Judgment and Conviction, which was entered on April 16, 1999, indicated that his federal sentence was to run concurrently with his state sentence.  The court has reviewed the Order of Judgment and Conviction, and there is no mention of his sentences being served concurrently.  The court has also reviewed the "Order Regarding Motion for Sentence Reduction", which was entered on November 16, 2015, and

which reduced Whitt's sentence of life imprisonment to a sentence of 360 months. This order

specifically stated that "Except as otherwise provided, all provisions of the judgment dated

4/16/99 shall remain in effect."

In an abundance of caution, this court has reviewed the transcript of the original

sentencing, which was held on April 16, 1999, as well as the Presentence Report, dated

November 21, 1996. This review makes clear that Whitt's state sentence was never discussed,

and was never made concurrent with his federal sentence.

18 U.S.C. 3584 provides:

(a) Imposition of Concurrent or Consecutive Terms.-

If multiple terms of imprisonment are imposed on a defendant at the same time, or
if a term of imprisonment is imposed on a defendant who is already subject to an
undischarged term of imprisonment, the terms may run concurrently or
consecutively, except that the terms may not run consecutively for an attempt and
for another offense that was the sole objective of the attempt. Multiple terms of
imprisonment imposed at the same time run concurrently unless the court orders
or the statute mandates that the terms are to run consecutively. Multiple terms of
imprisonment imposed at different times run consecutively unless the court orders
that the terms are to run concurrently.

In the present case, it is undisputed that the terms of imprisonment were imposed at different

times, as Whitt's state sentence was imposed April 17, 1995, and his federal sentence was

imposed on April 16, 1999. Thus, 18 U.S.C.(a) is controlling. As the court did not order that

Whitt's terms of imprisonment were to run concurrently, by default they are to run consecutively.

*United States v. Becker*, 36 F.3d 708 (7th Cir. 1994); *United States v. Eccleston*, 521 F.3d 1249,

1254 (10th Cir. 2008).

There is no evidence of any clerical error with respect to Whitt's sentence. Therefore, his

motion to correct error must be denied.

Conclusion

On the basis of the foregoing, Whitt's Motion to Correct [DE 227] is hereby DENIED.


Entered: June 1, 2016.


s/ William C.  Lee
William C. Lee, Judge
United States District Court