# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| SAMUEL L. WHITT | ) |
| Petitioner, | ) |
| v. | ) CASE NUMBER: 1:95 CR 33 |
| UNITED STATES OF AMERICA | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Petitioner, Samuel L. Whitt's "Motion to Vacate under 28 U.S.C. §2255 Applying Holloway Doctrine" [DE 231] filed on July 3, 2017 wherein he requests a reduction pursuant to the United States District Court for the Eastern District of New York's decision in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). The government responded on August 7, 2017 [DE 233] to which the Petitioner replied on August 31, 2017. [DE 234]. For the following reasons, the Motion will be DENIED.

## BACKGROUND

On December 29, 1995, a federal grand jury returned a single count Indictment charging that Whitt from on or about December 1990, up to and including September 1991, conspired to distribute a controlled substance, including more than 500 grams of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. (DE 1). Whitt proceeded to trial and, on June 19, 1996, a jury convicted him on the sole count of the Indictment. Thereafter, a presentence investigation report was prepared, a sentencing hearing was held and a sentencing date was set in the case. On July 27, 1998, this Court sentenced Whitt to life imprisonment. In determining that

Whitt faced a guidelines range of life in prison, this Court found, among other things, that: (1) Whitt was responsible for more than 150 kilograms of cocaine resulting in a base offense level of 38; (2) to that, 4 points were added because Whitt was a leader or organizer under § 3B1.1; and (3) to that, 2 levels were added because Whitt possessed a firearm under §2D1.1(b)(1). (DE 133 at 30-31). The Court noted at the time of sentencing that "While additions of those numbers would result in a level 44, the sentencing guidelines for the offense level tops out at 43." (DE 146 at 1). In addition, Whitt's prior criminal history landed him at a category IV, the highest category. As a result, this Court sentenced him to life imprisonment.

Subsequently, Whitt has petitioned this Court (as well as the Seventh Circuit and the Supreme Court) numerous times for review of his conviction and sentence, including two prior requests for relief under 28 U.S.C. §2255, [see DE 159, DE 192 (construed as a successive §2255 petition)] in this Court.[1]

Whitt has now served 20 years of his sentence and is 68 years old.[2] While incarcerated, Whitt represents that he has an extensive and solid work history, has taken or is currently taking classes offered by the Bureau of Prisons, and has no infractions. He further indicates that he has some medical issues which have been addressed during his incarceration.

In his current petition, Whitt seeks relief, requesting consent of the government, to have this Court vacate his conviction, sentencing enhancements and criminal history points, and to resentence him to a reduced sentence. (Whitt Pet. at 1, 7). In his caption he

---

[1] The Seventh Circuit has also construed a 2005 filing by Whitt in the Seventh Circuit for an "extraordinary writ" as an unauthorized successive collateral attack.

[2] On November 16, 2015, due to Amendment 782 in the United States Sentencing Guidelines, the undersigned granted Whitt's Unopposed Motion to Reduce Sentence, reducing his sentence from life imprisonment to 360 months imprisonment.

indicates that he is requesting an "Order from Honorable Judge Lee to AUSA Prosecutor" to resentence him under the *Holloway* Doctrine. It is to this issue that the Court now turns.

**DISCUSSION**

The Government construes Whitt's present motion as a request for relief under 28 U.S.C. §2255, likely because that is what Whitt himself styles the Motion. The Government's position is simple; this is yet another unauthorized successive collateral attack and it can be dismissed because Whitt has not received permission from the Seventh Circuit to proceed. However, given the relief sought by Whitt, it is not altogether clear that his current motion falls within the parameters for §2255 relief.

The Court does agree with the Government that as a threshold matter, the Court does not have the jurisdiction to consider Whitt's request. Whitt has twice previously sought and was denied relief under 28 U.S.C. §2255 from this Court, and to the extent the Court construed the present petition as a successive petition, as the Government suggests it should, the Defendant has not received permission to file a second or successive petition from the Seventh Circuit. On that basis the Court would lack authority to grant his request.

That said, the current petition does not appear to be a request under §2255 as Whitt is not asserting "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See* 28 U.S.C.§2255(a). Nor is he suggesting that any new rule of constitutional law made retroactive on collateral review by the Supreme Court applies. *Id.* at §2255(h).

Moreover, "a district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted). Once a sentence "has been imposed," §3582(c) generally prohibits a district court from "modify[ing] a term of imprisonment." Congress grants the district courts authority to modify a final sentence only if it is: (1) upon motion by the Director of the Federal Bureau of Prisons; (2) on its own motion if the applicable sentencing guideline has been reduced; or (3) pursuant to Federal Rules of Criminal Procedure Rule 35. A final sentence is only modifiable under Fed. R. Crim. P. 35 if: "(1) it has been vacated and remanded; (2) the government moves to reduce it; or (3) the district court acts within seven days of the original sentence." Whitt's current request does not appear to fall under this category either.

That said, Whitt attempts to circumvent these limitations so as to permit a sentence reduction in the "interest of fairness," citing to *Holloway,* 68 F.Supp. 3d at 11. In *Holloway*, the district court permitted a sentence reduction in the "spirit of fairness," using the authority of Federal Rule of Civil Procedure 60(b) to revisit the defendant's excessive sentence. 68 F. Supp. 3d at 311, 314. The defendant in *Holloway* stole three cars at gunpoint over the course of two days. *Id.* at 312. Each carjacking was charged as a separate count, accompanied by three separate charges for crimes of violence under 18 U.S.C. § 924(c) for use of a gun during each carjacking. *Id.* Holloway went to trial and was convicted on all counts. *Id.* Under the then-mandatory Sentencing Guidelines, he was sentenced to 151 months in prison for the carjacking counts. *Id.* He was also sentenced to mandatory consecutive sentences on the three § 924(c) counts: 5 years for the first conviction and 20 years each for the other two convictions. *Id.* The § 924(c) sentences were required by statute to run consecutively to each other and to the carjacking sentence, which resulted in a total sentence of 691 months, or 57 years and 7 months. *Id.* at 312-313. Both the Second

Circuit and the United States Supreme Court affirmed the convictions and sentence. *Id.* at 313. The district court denied Holloway's § 2255 petition, and the Second Circuit declined to issue a certificate of appealability. *Id.* The Second Circuit also denied Holloway's request to file a successive § 2255 petition. *Id.* at 313-14.

After serving approximately twenty years of his sentence, Holloway filed a motion to reopen his § 2255 proceeding under Rule 60(b) of the Federal Rules of Civil Procedure, based on the unduly harsh sentence produced from the mandatory "stacking" of the § 924(c) counts. *Id.* at 314. District Judge John Gleeson, the sentencing judge, thereafter asked the United States Attorney to "consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions" so he could face a more just resentencing. *Id.* After initially declining Judge Gleeson's request, the United States Attorney ultimately agreed to withdraw her objection to Holloway's Rule 60(b) motion and agreed to the vacating of two of Holloway's § 924(c) convictions, so that Judge Gleeson could resentence Holloway based on the remaining convictions. *Id.* at 314-16.

In this case, Whitt now relies on the Holloway Doctrine in requesting his conviction be vacated and his sentence be reduced to be more fair and just. No Circuit Court has yet addressed *Holloway*. And, the one consistent theme for the Courts that have addressed the *Holloway* decision is that unless the government acquiesces to the reduction, there is no jurisdiction for the district court to reduce the defendant's sentence. *See, e.g., Wade v. United States*, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015) (finding "no basis to apply the benefits of the *Holloway* decision, a New York federal district court ruling, to Wade's criminal cases"); *Acuna v. United States,* 2016 WL 3747531 (D. Hawaii, July 8, 2016) (declining to follow *Holloway* and noting "Holloway is contingent on the Government's acquiescence"); *United States v. Horton*, 2016 U.S. Dist. LEXIS

78611, at *3 (E.D.N.C. June 16, 2016) (viewing the Holloway Doctrine as not so much a doctrine, but as "a single case carrying no precedential weight in this court."); *Brown v. United States,* 2016 WL 4745822 (N.D. Ohio, September 13, 2016) (denying request for relief under Holloway for lack of jurisdiction and indicating that even if considered a 2255 petition, no relief followed unless the government acquiesced); *United States v. James Earl Smith, Jr.*, 2017 WL 2889307 (M.D. FL., July 7, 2017) (court has no authority to grant the relief sought by defendant and denying request of modification); *James v. United States,* 2017 WL 2992093, at *2 (E.D.N.C. July 13, 2017); *United States v. Gonzalez,* 2017 WL 4022797 (D. Conn. September 13, 2017); *But see United States v. Ezell*, 2015 U.S. Dist. LEXIS 109814, at *39 (E.D. Pa. Aug. 18, 2015) (encouraging the prosecutor to request a reduction of the defendant's sentence as in *Holloway*); *United States v. Ledezma-Rodriguez,* ___ F.Supp. 3d ___, 2017 WL 1368983 (S.D. Iowa, April 10, 2017) (denying request for lack of jurisdiction but requesting the prosecuting U.S. Attorney to revisit the case with a "critical eye" noting that it would be a "laudable course…to consider taking any available steps toward the remedy of the inauspicious and undeserving fate that has befallen this Defendant.").

To the extent, Whitt believes the Holloway Doctrine aids his cause, the Court declines to apply it here for several reasons. First, *Holloway* is a district court decision from another jurisdiction and has no controlling effect on this court. Second, a threshold requirement for its application is that the Government must agree to a reduced sentence. Here, the Government does not agree to a reduction of Whitt's sentence. The Government notes that there is nothing unduly harsh about Whitt's sentence which was based, for the most part, on his extensive criminal history and enhancements for his leadership role in the offense. Accordingly, even if the Court broadly interpreted *Holloway* and determined it had some basis for application here, this Court has no

authority to grant Whitt's entreaty for mercy, absent the Government's agreement. The Motion must therefore be DENIED.

## **CONCLUSION**

Based on the foregoing, the Petitioner's "Motion to Vacate under 28 U.S.C. §2255 Applying Holloway Doctrine" [DE 231] is DENIED.

SO ORDERED.

This 13th day of November, 2017

s/ William C. Lee
United States District Court