UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:95-CR-33 |
| | ) | |
| SAMUEL WHITT | ) | |
| | ) | |

**OPINION AND ORDER**

Before the Court is a letter from Defendant Samuel Whitt ("Whitt") received on September 11, 2019 [DE 238], wherein he requests the Court to place him on home detention for the remainder of his sentence. More specifically, Whitt claims that he meets all the criteria for early release under the Elderly Offender Home Detention Program ("EOHDP"). *See* 34 U.S.C. §60541(g) (42 U.S.C. § 17541 was transferred to 34 U.S.C. § 60541, effective September 1, 2017). The First Step Act of 2018, Pub. L. 115–391, 132 Stat. 5194 (2018) ("FSA"), was enacted on December 21, 2018, and re-authorizes the BOP to conduct a home confinement pilot program for elderly offenders, initially enacted by the Second Chance Act of 2007. Pub. L. 115–391, § 603, 132 Stat. 5194, 5238–41; *see* 34 U.S.C. § 60541(g). That statute, as amended by the FSA, now reads in pertinent part:

> **(A) In general**
>
> The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.
>
> **(B) Placement in home detention**
>
> In carrying out a pilot program as described in subparagraph (A), the Attorney General *may release* some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender.

1

34 U.S.C. § 60541(g)(1)(A) and (B) (emphasis added). The statute goes on to define "eligible elderly offender" as an offender in BOP custody:

> **(i)** who is not less than 60 years of age;
>
> **(ii)** who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served $2/3$ of the term of imprisonment to which the offender was sentenced;
>
> **(iii)** who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);
>
> **(iv)** who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);
>
> **(v)** who has not escaped, or attempted to escape, from a Bureau of Prisons institution;
>
> **(vi)** with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and
>
> **(vii)** who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

34 U.S.C. § 60541(g)(5)(A).

The undersigned referred Whit's letter to the United States Probation Office for review as to Whitt's eligibility under the program. On October 10, 2019, the United States Probation Office filed a memorandum with the Court wherein it indicates that according to the Bureau of Prisons ("BOP"), Whitt does not meet the statutory requirements for the EOHDP due to a misdemeanor assault and battery charge from April 8, 1975 which constitutes a prior history of violence. Probation further noted that Whitt appears to have exhausted all of his administrative remedies with the BOP and that his remaining recourse is to file a Petition for Writ of Habeas Corpus under

28 U.S.C. §2241. Such a petition must be filed in the judicial district in which Whitt is confined as this Court does not have jurisdiction to further review this matter. Accordingly, no further action will be taken with respect to Whitt's correspondence.

Entered: This 2nd day of December, 2019.

s/ William C. Lee<br>
United States District Court